**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RITZA MARILU MARADIAGA-FLORES and J-J-M-M-, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   18-71533 <br><br> Agency Nos.   A208-542-439 <br> A208-542-438 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Ritza Marilu Maradiaga-Flores and her minor son, both natives and citizens of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal of an immigration judge's denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We review the agency's factual findings for substantial evidence and review questions of law de novo. *Conde Quevedo v. Barr*, 947 F. 3d 1238, 1241 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

    1. Substantial evidence supports the BIA's denial of asylum. Maradiaga-Flores based her asylum claim on a single incident in 2015, when unknown masked men—allegedly gang members—stopped her in the street and demanded to know the location of her children's father. She told them that she had no contact with the father since 2011, when he abandoned her and her sons. But the men said they knew where she lived and threatened to kill her unless she gave them information about the father's location. The single death threat that Maradiaga-Flores received is not sufficient to establish persecution. *See Aden v. Wilkinson*, 989 F.3d 1073, 1082 (9th Cir. 2021) (finding that even incidents with actual physical harm do not constitute persecution without "something more" such as repeated and credible death threats); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (two death threats from unknown hit men were insufficient to establish persecution). Maradiaga-Flores's remaining evidence largely centers on general country conditions, but the record doesn't compel a finding that she has suffered or will suffer future persecution.[1] Because substantial evidence supports the BIA's finding of a lack of

---

[1] Maradiaga-Flores raised new arguments that she suffered beating, torture, and kidnapping, and that she was persecuted because of her pro-union organization participation for the first time on this appeal. Since we consider only the grounds

persecution, Maradiaga-Flores's asylum claim fails, and we do not proceed to the merits of her proposed social group.

2. "A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation." *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). Likewise, because Maradiaga-Flores failed to establish either past persecution or an objectively reasonable fear of future persecution, she necessarily falls short for CAT relief. *Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021).

**PETITION DENIED.**

---

relied upon by the BIA, it falls outside the scope of our review. *See Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).